**LAW OFFICES OF SCOTT R. AMES,**
**A Professional Corporation**
Scott R. Ames (SBN 146093)
scott@scottames.com
11377 West Olympic Blvd., Suite 500
Los Angeles, CA  90064-1683
(310) 478-2500 (Telephone)
(310) 478-2501 (Facsimile)

**LAW OFFICES OF STEVEN J. KAPLAN,** PC
Steven J. Kaplan (SBN 83451)
sjkaplan@sjkaplanlaw.com
11377 West Olympic Blvd., Suite 500
Los Angeles, CA 90064-1683
(310) 312-1500 (Telephone)
(424) 652-2221 (Facsimile)

**[Additional counsel on following page]**

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| BRIAN ROGERS and CARL HAYNER, individually and on behalf of all similarly situated current and former employees,<br><br>            Plaintiffs,<br><br>      vs.<br><br>ADT SECURITY SERVICES, INC., a Delaware Corporation,<br><br>            Defendant. | Case No: EDVC 09-1658 DSF (VBKx)<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR UNPAID WAGES, PENALTIES, INJUNCTIVE AND OTHER EQUITABLE RELIEF FOR VIOLATIONS OF CALIFORNIA LAW**<br><br>**CLASS ACTION** |

**[Additional Counsel]**

**HELMER•FRIEDMAN, LLP**
Andrew H. Friedman, P.C. (SBN 153166)
afriedman@helmerfriedman.com
723 Ocean Front Walk
Venice, CA 90291
(310) 396-7714 (Telephone)
(310) 396-9215 (Facsimile)

**DESKIN LAW FIRM**
Samuel Deskin (SBN 216974)
ssd@deskinlawfirm.com
1020 S Sherbourne Dr., Suite 204
Los Angeles, CA 90035
(310) 720-3634 (Telephone)
(310) 360 9882 (Facsimile)

Attorneys for Plaintiffs

---

Plaintiffs, complaining of Defendant ADT Security Services, Inc., respectfully allege as follows:

## INTRODUCTION

1.      **Summary.**  Plaintiffs (individually, a "Named Plaintiff" and collectively, the "Named Plaintiffs") bring this action individually and on behalf of two proposed classes of similarly situated current and former employees who are or were employed in California by ADT Services, Inc. ("Defendant").  Plaintiffs claim that during the four years prior to the commencement of this action (hereinafter, "Class Period") the Defendant, systematically and as a matter of corporate policy, violated both contractual and statutory obligations to pay earned commissions to Named Plaintiffs and the class they seek to represent.

2.      **Relief Sought.**  Named Plaintiffs seek class-wide relief under California law for Defendant's breaches of their contractual and statutory obligations to pay earned commissions to employees.  Named Plaintiffs also seek penalties under various provisions of the California Labor Code, and injunctive

relief.  Named Plaintiffs, suing on behalf of themselves, class members and the general public, also seek relief under the California Business & Professions Code for Defendant' unfair competition and unlawful, unfair and/or fraudulent business practices of depriving their employees of their rights under California contract law and the California Labor Code, all to reduce their payroll costs, increase their profits and gain unfair advantage over competitors.

3.   **Bases for Relief.**  The bases for the requested relief is as follows:

(a)   Contract.  It is unlawful under California contract law for an employer to fail and refuse to pay employees their promised and earned wages.  Plaintiffs are informed and believe that Defendant adopted a written compensation program for its residential sales representatives, and then as a matter of policy systematically failed and refused to pay employees the full amount of their promised and earned wages.

(b)   California Labor Code.  It is unlawful under the California Labor Code for an employer:

(1)   To fail and refuse to pay employees their promised and earned wages for labor performed.  Plaintiffs are informed and believe that Defendant adopted a written compensation program for its residential sales representatives, and then as a matter of policy systematically failed and refused to pay employees the full amount of their promised and earned wages for labor performed (Labor Code § 200).

(2)   To fail to pay employees the full amount of wages that were promised in the employees' employment contracts on a regular basis that is no less than twice per calendar month on days designated in advance by the employer as regular paydays (Labor Code § 204(a));

(3)   To fail to furnish employees, on a semimonthly basis or

at the time of each payment of wages, with an accurate itemized statement showing the gross wages earned and the basis for such wage calculation (Labor Code § 226(a)); and

(4)     To wilfully fail to pay terminating employees all of their accumulated wages within 72 hours (for resigning employees) and immediately (for terminated employees) (Labor Code §§ 201-203).

(c)     **Business & Professions Code**.  It is unlawful under the California Business and Professions Code to engage in business practices that is forbidden by law, including business practices that violate California labor laws and regulations (Bus. & Prof. Code §§ 17200-17209).

**4.     Pattern & Practice.**  Defendant has engaged in a pattern and practice of committing these unlawful acts to the detriment of Named Plaintiffs and the classes they seek to represent.

## JURISDICTION AND VENUE

**5.     Original Jurisdiction.** This Court has original jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. §1332(d) ("CAFA"), because this is a class action in which: (1) there are 100 or more members of the class; (2) at least some members of the proposed class have a different citizenship from Defendant; and (3) the aggregate claims of the proposed class members exceed $5,000,000.00.

**6.     Declaratory Relief.**  This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

**7.     Personal Jurisdiction Over Defendant.**  The Central District of California has personal jurisdiction over Defendant because it is doing business in California, and within this district, and because many of the acts complained of and giving rise to the claims alleged occurred in California and within this district.

**8.     Venue.**  Venue is proper in the United States District Court, Central

District of California pursuant to 28 U.S.C. § 1391(b) because a substantial portion of the underlying transactions and events giving rise to this dispute occurred in Riverside.

**THE PARTIES**

9.    **Brian Rogers.**  Named Plaintiff Brian Rogers is a citizen of the State of California, and resides in Riverside, California.  He is a former employee of Defendant, with whom he was party to a contract of employment as defined in Labor Code § 2750.

10.    **Carl Hayner.**  Named Plaintiff Carl Hayner is a citizen of the State of California, and resides in Riverside, California.  He is a former employee of Defendant, with whom he was party to a contract of employment as defined in Labor Code § 2750.

11.    **ADT Security Services, Inc..**  Named Plaintiffs are informed and believe, and on the basis of such information and belief allege, that Defendant ADT Security Services, Inc. is a Delaware Corporation and maintains its principal place of business in Boca Raton, Florida.

**FACTUAL ALLEGATIONS**

12.    **Defendant's Residential Business.**  Defendant is in the business, among other things, of selling, installing and maintaining residential (home) security systems ("Security Systems").

13.    **Defendant's Business Model.**  Defendant receives revenue from its customers for the following services, among others: (i) initial and renewal service charges for its Security Systems, also known as recurring annual revenue, which is referred to in Defendant's internal business nomenclature as the Annual Service Charge, or ANSC; (ii) installation of its Security Systems; and (iii) sales of its

Security Systems.

14.   **Sales Representatives.**  Defendant employs sales representatives, which it calls Residential High Volume Sales Representatives ("Sales Reps"), to sell its Security Systems.

15.   **Sales Compensation Plan.**  During the Class Period, Defendant maintained one or more written sales compensation plans for Sales Reps known as the "ADT Security Services, Inc. Sales Compensation Plan" ("Sales Compensation Plan").  Plaintiffs are informed and believe, and on the basis of such information and belief allege, that during the Class Period Defendant's Sales Compensation Plan(s) provided for and continues to provide for the payment of commission compensation to Sales Reps composed of at least the following three parts: (i) ANSC Commissions;(ii) Installation Commissions; and (iii) Commissions on Unit Production.

16.   **ANSC Commission.**  Under the Sales Compensation Plan, an ANSC Commission is paid on all new ANSC sales, resale ANSC revenue (revenue from customers who possessed existing security systems but who were not being monitored by ADT) and ad-ons (revenue from additional equipment purchased before installation).  ANSC Commission is not paid on renewal ANSC revenue (*viz.*, revenue received by Defendant when a residential customer renews his/her initial contract for security services).  The ANSC Commission is paid on a per job basis calculated on the amount of revenue to be received by Defendant under the customer's security contract.  The typical commissionable ANSC contract in California is two years in length.  Under Defendant's Sales Compensation Plan, commissions are to be paid at a graduated rate depending upon the ANSC revenue received under the sale, as follows:

///

///

(a)   <u>$0.00 to $299</u>.  If the price of the two-year contract is $299 or

less, the Commission rate is 15%. Thus, for example, if a Sales Rep sells a home security two-year contract for $200, the Sales Rep's commission under the Sales Compensation Plan should be $30.

(b)   <u>$300 to $499</u>.  If the price of the two-year contract is from $300 to $499, the Commission rate is 23%. Thus, for example, if a Sales Rep sells a home security two-year contract for $400, the Sales Rep's commission under the Sales Compensation Plan should be $92.

(c)   <u>$500 and up</u>.  If the price of the two-year contract is $500 or more, the Commission rate is 30%. Thus, for example, if a Sales Rep sells a home security two-year contract for $600, the Sales Rep's commission under the Sales Compensation Plan should be $180.

17.   **Installation Commission.** Under the Sales Compensation Plan, a commission on Installation is to be paid at the rate of 10% of the  installation charge.

18.   **Unit Production Commission.**  Under the Sales Compensation Plan, a commission on Unit Production is to be paid at a graduated rate based on the number of new or resale units sold during a given month.  Under the Sales Compensation Plan, Defendant is to pay Sales Reps $50 each for the 7th through 10th unit sold each month, $100 each for the 11th through 16th unit sold each month, $130 each for the 17th through 24th unit sold each month, and $150 each for all units above 24 sold each month.

19.   **Defendant's Failure and Refusal to Pay Commissions Owed.** Plaintiffs are informed and believe, and on the basis of such information and belief allege, that despite the clear and unambiguous terms of the Sales Compensation Plan, Defendant adopted and implemented a uniform practice throughout the State of California of failing and refusing to pay the full commissions earned by Sales Reps.  Among other things, Defendant paid ANSC commissions based only on the first year of each contract.  Thus, for example, on a $600 two-year contract that

should have been commissioned at 30% (for a $180 commission [see ¶ 16(c) above]), Defendant credited only the first year of the contract (*i.e.*, $300) and then applied the lower 23% rate for $300 contracts (see ¶ 16(b) above), thus paying a commission of only $69.  Plaintiffs are informed and believe, and based on such information and belief allege, that Defendant also systematically paid reduced Unit Production Commissions and Installation Commissions.

20. **Defendant Failed to Furnish Sales Reps With Accurate Itemized Payroll Statements.**  During the Class Period and on a continuing basis, Defendant furnished Sales Reps with periodic itemized payroll statements, but those payroll statements did not contain an accurate calculation of commissions earned by them pursuant to the Sales Compensation Plan, and Defendant has at all material times failed to maintain accurate payroll statements in its possession and control.

21. **Defendant Failed to Pay Terminating Employees Their Full Commissions Owed.**  During the Class Period and on a continuing basis, Sales Reps who resigned their employment were not paid all earned commissions due and owing within 72 hours of their resignations.  During the Class Period and on a continuing basis, Sales Reps whose employment was terminated by Defendant were not paid all earned commissions due and owing at the time of their terminations.

## ALLEGATIONS OF CLASS REPRESENTATIVES

22. **Brian Rogers.**  Brian Rogers worked for Defendant from approximately August 2008 until March 2009.  Throughout his employment with Defendant, Mr. Rogers was paid fewer commissions than he earned.  At no time did Defendant furnish Mr. Rogers with an accurate payroll statement showing the full and correct amount of ANSC commissions, Installation commissions, and Unit Production commission earned.  At the time of his termination, he was not paid all

earned commissions due and owing under the terms of the Sales Commission Plan.

**23.   Carl Hayner.**  Carl Hayner worked for Defendant from approximately August 2008 through December 2008.  Throughout his employment with Defendant, Mr. Hayner was paid fewer commissions than he earned.  At no time did Defendant furnish Mr. Hayner with an accurate payroll statement showing the full and correct amount of ANSC commissions, Installation commissions, and Unit Production commissions earned.  At the time of his termination, he was not paid all earned commissions due and owing under the terms of the Sales Commission Plan.

## CLASS ALLEGATIONS

**24.   Proposed Class and Nature Of The Class Claims.**  The Named Plaintiffs, as Class Representatives, bring this action on their own behalf and on behalf of a class comprised of all current, former and future Sales Reps employed by Defendant in California, starting four years prior to the filing of this Complaint and through the date of the final disposition of this action.

**25.   First Class: All Sales Reps Not Paid Full Commissions.**  The First Class consists of Named Plaintiffs and all California employees of Defendant who are currently employed, or during the applicable limitations periods were employed, or who shall be employed as Sales Reps under the ADT Sales Compensation Plan, and who were not paid their full earned Commissions as described in Paragraph 20 above.  Defendant's failures to pay such full Commissions affected each member of the class, including Named Plaintiffs, in a similar fashion.

///

///

///

**26.   Second Class: All Sales Reps Not Paid Full Commissions At Time**

**of Termination.**  The Second Class is a sub-class consisting of Named Plaintiffs and all former California employees of Defendant who are also members of the first class, and who were not paid all wages due upon or within 72 hours of the termination of their employment.

27.   **Common Questions of Fact.**  Defendant's employment policies and practices raise questions of fact common to the classes, including but not limited to:

(a)   <u>Maintenance of Commission Plan</u>.  Whether Defendant maintains or maintained for one or more common Sales Commission Plans applicable to members of the First Class;

(b)   <u>Failure to Pay Commissions As Required by Plan</u>.  Whether Defendant maintains or maintained a common policy and/or practice of failing and refusing to pay members of the First Class all Commissions earned by such persons;

(c)   <u>Failure to Pay All Wages Due to Terminated Employees</u>. Whether Defendant maintains or maintained common policies and/or practices of failing and refusing to pay members of the Second Class all wages due and owing upon or within 72 hours of the termination of their employment;; and

(d)   <u>Remedies</u>.  What compensatory damages and/or restitution and disgorgement of profits, to be computed from Defendant's records, are members of the two classes entitled to receive from Defendant.

28.   **Common Questions of Law.**

<u>Liability</u>.  Questions of law common to the classes include the following questions relating to Defendants' liability:

///

///

(a)   <u>Interpretation of Sales Commission Plan</u>.  Whether Named

Plaintiffs' interpretation of the Sales Commission Plan is meritorious;

(b)    <u>Breach of Contract</u>.  Whether Defendant breached the compensation contract (*i.e.*, the Sales Compensation Plan) by failing to pay the full amount of earned Commissions to similarly situated employees;

(c)    <u>Violation of Labor Code § 200</u>.  Whether Defendant violated California Labor Code § 200 by failing to pay the full amount of earned Commissions for labor performed to similarly situated employees;

(d)    <u>Violation of Labor Code § 204</u>.  Whether Defendant violated California Labor Code § 204 by failing to pay members of the First Class the full and correct amount of earned Commissions and wages at least twice during each calendar month on days designated in advance by the employer as regular pay days;

(e)    <u>Violation of Labor Code § 226</u>.  Whether Defendant violated California Labor Code § 226(a) with respect to members of the First Class by failing to furnish accurate itemized payroll statements with each payment of wages;

(f)    <u>Violation of Labor Code §§ 201 & 202</u>:  Whether Defendant violated California Labor Code §§ 201 and 202 with respect to members of the Second Class by failing to timely pay all wages to employees whose employment with Defendant terminated either voluntarily or involuntarily;

(g)    <u>Wilful Violation of Labor Code §§ 201 & 202</u>:  Whether Defendant's violations of California Labor Code §§ 201 and 202, if any, were wilful; and

///
///
///
///

(h)    <u>Violation of Business and Professions Code</u>:  Whether

Defendant violated California Business and Professions Code §§ 17200-17209) with respect to members of the First Class by engaging in unfair and unlawful business practices, including but not limited to the systematic failure and refusal to pay the full amount of commissions earned by members of the First Class, and the systematic failure and refusal to pay all wages due and owing to members of the Second Class.

<u>Damages & Remedies</u>.  Questions of law common to the classes include the following questions relating to damages and remedies:

(a)    <u>Wages</u>.  What is the amount of damages that will remedy Defendant's failure to pay correct commissions to members of the First Class;

(b)    <u>Penalties</u>.  What is the amount of damages that members of the First Class are entitled to recover under Labor Code § 226(e);

(c)    <u>Restitution</u>.  What is the amount of damages that will remedy Defendant's violation of the Business & Professions Code;

(d)    <u>Waiting Time Penalties</u>.  What is the amount of waiting time penalties that are required to be paid under Labor Code § 203 to members of the Second Class for Defendant's wilful violation of Labor Code §§ 201 and 202; and

(e)    <u>Equitable Relief</u>.  What form of equitable relief is appropriate to remedy Defendants' aforementioned violations of law.

**29.    Numerosity.**  The size of the Plaintiff Classes makes a class action both necessary and efficient.  Named Plaintiffs are informed and believe, and on the basis of such information and belief allege, that the First Class consists of at least two hundred and fifty current and former employees, and an indefinite number of future employees.  Named Plaintiffs are also informed and believe, and on the basis of such information and belief allege, that the Second Class consists of at least one-hundred former employees, and an indefinite number of future former

employees.  Members of the Plaintiff Class is ascertainable but so numerous that joinder is impracticable.  The Plaintiff Class includes future class members whose joinder is inherently impossible.

**30.   Typicality.**  The claims of the Named Plaintiffs is typical of the claims of the two classes:

(a)    The Named Plaintiffs' claims encompass the challenged practices and common courses of conduct of Defendant;

(b)    The Named Plaintiffs' claims arise out of the alleged courses of conduct by Defendant and are based on the same legal theories as the claims of the unnamed class members. The legal issues as to which California laws are violated by such conduct apply equally to the Named Plaintiffs and the members of the classes.

**31.   Adequacy of Class Representation.**  The Named Plaintiffs will fairly and adequately protect the interests of the classes.

**32.   Adequacy Of Counsel For The Class.**  Counsel for Named Plaintiffs possess the requisite resources and ability to prosecute this case as a class action and are experienced labor and employment attorneys who have successfully litigated other cases involving similar issues.

**33.   Propriety of Class Action Mechanism.**  Class certification is appropriate because Defendant has implemented a scheme which is generally applicable to the Plaintiff Classes, making it appropriate to issue final injunctive relief and corresponding declaratory relief with respect to the class as a whole. Further, the prosecution of separate actions against Defendant by individual class members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Defendant.  For all these and other reasons, a class action is superior to other available methods for the fair and efficient adjudication of the controversy set forth in this complaint.  The prosecution of separate actions by individual members of the classes would create

a risk of:

(a)     Inconsistent or varying adjudications with respect to individual members of the classes that would establish incompatible standards of conduct for the parties opposing the classes; and

(b)     Adjudications with respect to individual members of the classes that would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

34.     **Common Questions Predominate.**  The questions of law and fact common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy:

(a)     Class members have little or no interest in individually controlling the prosecution of separate actions;

(b)     The Named Plaintiffs are aware of no other litigation concerning the controversy already commenced by members of the class; and

(c)     It is desirable to concentrate the litigation of the claims in this Court because some or most of the complained of practices occurred here and Defendant otherwise conducts business in this jurisdiction.

35.     **Manageability.**  This action is manageable as a class action because compared with any other method, such as individual interventions or the consolidation of individual actions, a class action is fairer and more efficient.

/ / /

/ / /

/ / /

/ / /

## FIRST CLAIM FOR RELIEF

**Breach of Contract for Failure to Pay Earned Commissions**

**36.** Named Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 36 above as if repeated here in full.

**37.** During the Class Period, Defendant has failed and continues to fail to pay members of the First Class 100% of their earned commissions, in breach of the Sales Compensation Plan.

**38.** Named Plaintiffs and the First Class are entitled to all unpaid commissions. Because sales and commission records are in Defendant's custody and control, Named Plaintiffs are not able at this time to liquidate the amount of damages, either for themselves or for members of the First Class.

**39.** Named Plaintiffs are entitled to an award of their reasonable attorney's fees and costs, pursuant to section 218.5 of the California Labor Code.

## SECOND CLAIM FOR RELIEF

### Violation of Labor Code for Failure to Pay Earned Commissions
### (Labor Code § 200 et seq.)

**40.** Named Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 36 above as if repeated here in full.

**41.** During the Class Period, Defendant has failed and continues to fail to pay members of the First Class 100% of their earned commissions for labor performed.

**42.** Named Plaintiffs and the First Class are entitled to all unpaid commissions for labor performed. Because sales and commission records are in Defendant's custody and control, Named Plaintiffs are not able at this time to liquidate the amount of their unpaid commissions, either for themselves or for members of the First Class.

**43.** Named Plaintiffs are entitled to an award of their reasonable

attorney's fees and costs, pursuant to section 218.5 of the California Labor Code.

## THIRD CLAIM FOR RELIEF
### Violation of Labor Code for Failure to Accurately &Timely
### Pay Commissions (Labor Code § 204)

**44.**     Named Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 36 above as if repeated here in full.

**45.**     During the Class Period, Defendant has failed and continues to fail to pay members of the First Class 100% of their earned commissions, in breach of the Sales Compensation Plan, on a basis that is at least twice each calendar month on days designated in advance by the employer as regular paydays.

**46.**     Named Plaintiffs and the First Class are entitled to all unpaid commissions.  Because sales and commission records are in Defendant' custody and control, Named Plaintiffs are not able at this time to liquidate the amount of damages, either for themselves or for members of the First Class.

**47.**     Named Plaintiffs are entitled to an award of their reasonable attorney's fees and costs, pursuant to section 218.5 of the California Labor Code.

## FOURTH CLAIM FOR RELIEF
### Violation of Labor Code for Failing to Furnish
### Accurate Payroll Statements (Labor Code § 226(a))

**48.**     Named Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 36 above as if repeated here in full.

**49.**     During the Class Period and continuing, Defendant has either recklessly or intentionally failed to furnish members of the First Class with true, accurate, and complete payroll records, and has further failed to keep and preserve such records, as is required pursuant to California Labor Code §§ 226(a), 1174,

and 1174.5.

**50.**    Named Plaintiffs and other members of the First Class are each entitled to recover from Defendant the greater of their actual damages caused by Defendant's failure to comply with California Labor Code § 226(a), or a penalty of $50.00 for the initial pay period in which a violation occurs and $100.00 per employee for each violation in a subsequent pay period (up to a maximum of four thousand dollars ($4,000.00)), and an award of costs and reasonable attorneys' fees pursuant to California Labor Code § 226(e) and California Code of Civil Procedure §1021.5.

**51.**    Pursuant to Labor Code § 226(g), Named Plaintiffs and the First Class are also entitled to seek injunctive relief requiring Defendant to comply with Labor Code § 226(a).

**FIFTH CLAIM FOR RELIEF**

**<u>Violation of Labor Code for Failure to Pay Final</u>**

**<u>Earned Wages on Termination (Labor Code §§ 201 Through 203)</u>**

**52.**    Named Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 36 above as if repeated here in full.

**53.**    During the Class Period and continuing, Defendant knowingly failed to pay Named Plaintiffs and other members of the Second Class who resigned or were terminated the full amount of wages, including earned commissions, that were due to them at the time their employment ended, as provided in Labor Code §§ 201 and 202.  As a result, Named Plaintiffs and the members of the Second Class are entitled to recover waiting time penalties equal to thirty days' pay pursuant to Labor Code § 203.

/ / /

/ / /

**SIXTH CLAIM FOR RELIEF**

## Violation of Business & Professions Code

## Unfair Competition (Business & Professions Code §§ 17200 - 17209)

**54.**     Named Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 36 above as if repeated here in full.

**55.**     This claim is brought by the Named Plaintiffs on behalf of themselves, the First Class, the Second Class, and the general public, pursuant to Business and Professions Code §§ 17200, *et seq.*  Defendant's conduct as alleged herein has been, and continues to be, an unfair, unlawful, and fraudulent business practice which has been and continues to be deleterious to Named Plaintiffs, to those similarly situated and to the general public.  Business and Professions Code §§ 17200, *et seq.* prohibits unlawful, unfair, and fraudulent business practices. Named Plaintiffs seek to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

**56.**     Named Plaintiffs are "persons" within the meaning of Business and Professions Code § 17204, with standing to bring this suit for injunctive relief, restitution, disgorgement, and other appropriate equitable relief on behalf of all similarly-situated employees and on behalf of the general public.

**57.**     Labor Code § 90.5(a) sets forth the public policy of this State to enforce minimum labor standards vigorously, to ensure that employees are not required or permitted to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain a competitive advantage by failing to comply with minimum labor standards.

**58.**     Through the conduct alleged herein, Defendant has acted contrary to these public policies, violated specific provisions of the Labor Code, systematically violated the Compensation Sales Plan, and engaged in other unlawful and unfair business practices in violation of Business and Professions Code §§ 17200, *et seq.*, depriving the Named Plaintiffs, members of the First Class, Second Class and other interested persons of rights, benefits, and privileges guaranteed to all persons in

California.

**59.**    As a direct and proximate result of these unfair business practices, Defendant has received and continues to receive and maintain funds that rightfully belong to Named Plaintiffs and the classes whom they seek to represent in this matter.

**60.**    Named Plaintiffs and members of the First and Second Class are entitled to, and hereby seek such relief as may be necessary to restore to them the funds of which they have been deprived, by means of Defendant's unlawful and unfair business practices.

**61.**    Pursuant to Business and Professions Code § 17203, injunctive relief is necessary  to prevent Defendant from continuing to engage its unfair business practices as alleged herein.  Defendant, and persons acting in concert with it, have done, are now doing, and will continue to do or cause to be done, the above-described unlawful acts unless restrained and enjoined by this Court.  Unless the relief prayed for below is granted, a multiplicity of actions will result.  Named Plaintiffs have no plain, speedy, or adequate remedy at law, in that it is difficult to measure the amount of monetary damages that would compensate them, the First and Second Classes, or the general public for Defendant's wrongful acts.  Further, pecuniary compensation alone would not afford adequate and complete relief.  The above-described acts will cause great and irreparable damage to the Named Plaintiffs, members of the First and Second Classes and the general public if injunctive relief is not granted.

/ / /

/ / /

/ / /

/ / /

/ / /

**WHEREFORE, NAMED PLAINTIFFS REQUEST JUDGMENT AGAINST DEFENDANT AS FOLLOWS:**

1.      For compensatory damages, punitive damages, and statutory or regulatory penalties, all in accordance with proof;

2.      For restitution to Named Plaintiffs and members of the First and Second Classes including unpaid commissions for all uncompensated work;

3.      Penalties allowable under the California Labor Code;

4.      For injunctive relief to restraining Defendant

(a)      From failing to pay the Named Plaintiffs and the First Class all of the Commissions earned by the Named Plaintiffs and class members;

(b)      From failing to pay the Named Plaintiffs and the Second Class all of the Commissions earned by them and owing at the time of the termination of employment; and

(c)      To prohibit Defendant from engaging in acts constituting unfair competition.

5.      For a declaration of the rights and obligations of Defendant and the First and Second Classes under California law.

6.      For attorney's fees and costs of litigation, pursuant to California Labor Code § 218.5, California Code of Civil Procedure § 1021.5 , and other applicable legal authorities; and

///

///

///

///

///

///

///

///

7.    For such other and further relief as the Court may deem just and equitable.

DATED: December 31, 2009        Respectfully submitted,

**LAW OFFICES OF SCOTT R. AMES, PC**

**LAW OFFICES OF STEVEN J. KAPLAN, PC**

**HELMER•FRIEDMAN, LLP**

**DESKIN LAWFIRM**


_____/s/_____
Scott R. Ames

*Counsel for all Plaintiffs*

## JURY TRIAL DEMAND

Plaintiffs hereby demand a jury trial on all issues so triable.

DATED: December 31, 2009       Respectfully submitted,

**LAW OFFICES OF SCOTT R. AMES, PC**

**LAW OFFICES OF STEVEN J. KAPLAN, PC**

**HELMER•FRIEDMAN, LLP**

**DESKIN LAWFIRM**


_____/s/_____
Scott R. Ames

*Counsel for all Plaintiffs*